IH-32                                                                                      Rev: 2014-1

# United States District Court
## for the
## Southern District of New York
## Related Case Statement

---

### Full Caption of Later Filed Case:

**15 CV 1757**

Moshe Smilowitz, Abraham Desser, Mindy Desser, Rivka Desser, Samuel Desser, Zira G. Desser, David Friedman, Esther Goldberg, Meir Goldberg, Mehachem Goldberg, Zvi Goldberg, Lipa Goldstein, Hershel Green, Abraham Greenfield, Hendel Greenfield, Aron Karpen, Berl Karpen, Esther Karpen, Feigy Karpen, Pearl Karpen, Rachel Karpen, Shemaya Karpen, Isaac Kohn, Yaacov M. Sebbag, Borech Stein, Sheindel Stein, and Joseph S. Wasserman,

**Plaintiff**

**Case Number**

vs.

THE SULLIVAN COUNTY BOARD OF ELECTIONS, ANN PRUSINSKI, and RODNEY GAEBEL, individually and in their official capacities,

[RECEIVED stamp: MAR 09 2015 U.S.D.C. S.D.N.Y.]

**Defendant**

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

THE BLOOMINGBURG JEWISH EDUCATION CENTER; SULLIVAN FARMS II, INC.; LEARNING TREE PROPERTIES, LLC; MALKA ROSENBAUM; SHEINDEL STEIN; COMMERCIAL CORNER, LLC; WINTERTON PROPERTIES, LLC,

**Plaintiff**

**Case Number**

1:14-cv-07250-KBF

vs.

VILLAGE OF BLOOMINGBURG, NEW YORK; VILLAGE BOARD OF TRUSTEES OF THE VILLAGE OF BLOOMINGBURG, NEW YORK; FRANK GERARDI, individually and in his official capacity as Mayor; EILEEN ROGERS, individually and in her official capacity as Village Clerk; PLANNING BOARD OF THE VILLAGE OF BLOOMINGBURG, NEW YORK; ANDREW FINNEMA, individually and in his former official capacity as Planning Board member; ANN HAENELT, individually and in her former official capacity as Planning Board member; JOSEPH B. ROE, individually and in his former official capacity as Planning Board member; TOWN OF MAMAKATING, NEW YORK; TOWN BOARD OF THE TOWN OF MAMAKATING, NEW YORK; PLANNING BOARD OF THE TOWN OF MAMAKATING, NEW YORK; KATHERINE ROEMER, individually and in her official capacity as Trustee; JAMES JOHNSON, individually and in his official capacity as Trustee; and WILLIAM HERRMANN, individually and in his official capacity as Supervisor for the Town of Mamakating,

**Defendant**

IH-32                                                                                                Rev: 2014-1

Status of Earlier Filed Case:

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open      (If so, set forth procedural status and summarize any court rulings.)

The earlier filed case is a civil rights action against Village of Bloomingburg and Town of Mamakating officials to address their unlawful efforts to obstruct developments based upon the religion of the developments' owners, tenants, or expected owners and tenants. The action was filed on September 8, 2014 and assigned to Judge Cathy Seibel in White Plains. Plaintiffs' motion for preliminary injunction on the building permit moratorium in Bloomingburg was denied without prejudice on November 14. Plaintiffs filed an Amended Complaint on November 26 and defendants served two motions to dismiss on January 9, 2015. The case was transferred on February 27 to Judge Katherine B. Forrest in Manhattan. On March 5, opening and opposing briefing on the motions to dismiss were filed and reply briefing is due on March 13, 2015. Discovery in the case is ongoing.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

This case is related to the earlier filed case, Bloomingburg Jewish Educational Center v. Village of Bloomingburg, No. 7:14-cv-07250-KBF (S.D.N.Y.), which is current pending before Judge Katherine Forrest. Both cases arise from the concerted efforts by state government actors to discriminate against Hasidic Jews in the Village of Bloomingburg. A group of anti-Hasidic residents have orchestrated a series of maneuvers to interrupt and disrupt Hasidic life and developments in Bloomingburg. Government officials in the Village of Bloomingburg, the Town of Mamakating, and Sullivan County have supported fully and conspired in those unlawful actions.

In an attempt to ensure that anti-Hasidic residents retain full control over the political process in Bloomingburg, the Sullivan County Board of Elections has purported to annul Hasidic Jewish votes and cancel Hasidic Jewish voter registrations. The Board of Elections has taken these actions to further the political agenda of an anti-Hasidic political group, which also has influence over the Village of Bloomingburg and the Town of Mamakating. This voting rights litigation addresses the latest maneuver to disenfranchise the Hasidic Jewish community in Bloomingburg and concerns many of the same operative facts that have been placed at issue in the pending civil rights action in the previously filed case.

Signature: _[signature]_                                          Date: 3/09/2015

DECHERT LLP

Firm: _____