UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOSHE SMILOWITZ, ABRAHAM DESSER,
MINDY DESSER, RIVKA DESSER, SAMUEL
DESSER, ZIRA G. DESSER, DAVID
FRIEDMAN, ESTHER GOLDBERG, MEIR
GOLDBERG, MENACHEM GOLDBERG, ZVI
GOLDBERG, LIPA GOLDSTEIN, HERSHEL
GREEN, ABRAHAM GREENFIELD, HENDEL
GREENFIELD, ARON KARPEN, BERL
KARPEN, ESTHER KARPEN, FEIGY KARPEN,
PEARL KARPEN, RACHEL KARPEN,
SHEMAYA KARPEN, ISSAC KOHN, YAACOV
M. SEBBAG, BORECH STEIN, SHEINDEL
STEIN, and JOSEPH S. WASSERMAN, on behalf
of themselves and others similarly situated,

                Plaintiffs,

v.

THE SULLIVAN COUNTY BOARD
OF ELECTIONS, ANN PRUSINSKI,
AND RODNEY GAEBEL, individually and in
their official capacities,

                Defendants.

No. 15-cv-01757 (KBF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 0 1 2016

## CONSENT DECREE

WHEREAS, this Consent Decree (the "Decree") represents the parties' commitment to ensure that all citizens of Sullivan County have an equal opportunity to participate in the electoral process, including Hasidic Jewish citizens; the Sullivan County Board of Elections intends to fully implement this Consent Decree as part of its ongoing efforts to ensure all voters regardless of religion have equal access to the polls; and

WHEREAS, on March 9, 2015, the Plaintiffs commenced this putative Class Action; and

1

WHEREAS, Plaintiffs are Hasidic Jews registered to vote in Bloomingburg, New York, who filed this action, on behalf of themselves and others similar situated, against the Sullivan County Board of Elections ("BOE"), Ann Prusinski, and Rodney Gaebel (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments of the U.S. Constitution, and the Voting Rights Act of 1965, 52 U.S.C. §§ 10301, 10307; and

WHEREAS, from September 24 to 26, 2014, Defendants received 194 post-registration challenges to voter registrations pursuant to New York Election Law § 5-220, including challenges to the registrations of named Plaintiffs; and

WHEREAS, on September 30, 2014, 69 of the 194 challenged voters, including the named Plaintiffs, voted in the September 30, 2014 Special Election in Bloomingburg. Defendants did not permit the 69 challenged voters to take a Qualification Oath and to vote, pursuant to New York Election Law §§ 5-220, 8-502, and 8-504, but instead required Plaintiffs to vote by affidavit ballots, which were then segregated pending a future judicial determination; and

WHEREAS, the state court in *Matter of Berger v. Prusinski*, No. 2716-2014 (N.Y. Sup. Ct. Sullivan Cty.), later determined that the affidavit ballot procedure used in the Special Election was impermissible; and

WHEREAS, on November 19, 2014, the BOE issued a Notice of Determination that purported to "negate" the voters' "right to have their vote counted," to annul the votes of 63 of the 69 challenged voters in the Special Election, including named Plaintiffs, and to place the voters on "inactive" status.

WHEREAS, the state court in *Matter of Berger* subsequently declared those 63 votes must be canvassed and counted in connection with the Special Election; and

2

WHEREAS, on February 27, 2015, the BOE issued a Notice of Determination purporting to cancel 156 of the 184 challenged voters' registrations, including named Plaintiffs. The February Determination did not specify the reasons for the cancellation of the individual voter registrations; and

WHEREAS, Defendants have acknowledged in a separate action that the February Determination was statutorily defective under the New York Election Law and have agreed that Plaintiffs, in addition to other state court challengers, would not be removed from the list of registered voters in Sullivan County as a result of the aforesaid challenges; and

WHEREAS, Plaintiffs claim that Defendants have engaged in practices that were intended to, and in fact, did deprive Bloomingburg's Hasidic Jewish citizens of the fundamental right to vote. Defendants deny all allegations of discrimination. However, the parties have concluded that this putative class action should be settled in accordance with this Decree in order to avoid the substantial expense and inconvenience of this litigation and to avoid the distraction of further litigation.

WHEREAS, the parties have agreed that this lawsuit should be resolved through the terms of this Decree, hereby waive a hearing and entry of findings of fact and conclusions of law on all issues involved in this matter, and consent to the entry of this Decree.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that:

**I.  Injunction**

1. Defendants, their officers, employees, agents, successors, and assigns, and all other persons acting in concert or participation on behalf of the Defendants, shall not engage in any conduct having the purpose or effect of perpetuating or promoting religious discrimination

3

or of denying or abridging the right of any person to the equal opportunity to vote on account of religion, including with respect to any registration or election supervised by the BOE;

2. Defendants, their officers, employees, agents, successors, and assigns, and all other persons acting in concert or participation on behalf of the Defendants, shall comply with all aspects of and uphold New York Election Law, including without limitation Titles II, IV, and VII of Article 5 of New York Election Law governing the Registration and Enrollment, Cancellation of Registration, and Checks Against Fraudulent Practices.

3. Defendants shall not discriminate against any person on the basis of religion, including Hasidic Jews, nor hold him or her to a higher standard than the general population in connection with voter registration and voter challenges. Defendants shall not subject any voter on the basis of his or her religion to additional or extraordinary methods or means of determining their registration or qualifications to vote, including without limitation: having their oaths of residency discounted, being required to produce more and different evidence than others in order to show why their registration should not be cancelled, or selectively using Voter's Check Cards. Defendants shall evaluate and decide post-registration challenges objectively, individually, and independently on their own merits.

4. If a registered Bloomingburg voter's registration or qualification is challenged and the challenged voter appears in person to vote prior to the determination of the challenge, then the challenged voter shall be permitted to take an oath or oaths and vote pursuant to New York Election Law § 8-504.

5. If a registered Bloomingburg voter's registration or qualification is challenged, then Defendants shall comply with New York Election Law § 5-220, and shall notify the challenged voter within five (5) days of receipt of the challenge.

4

6.  Defendants shall ensure that commencing April 2016, in any election in Bloomingburg conducted by the Board of Elections, all information that is provided by the County in English about registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, shall also be available in Yiddish, in accordance with the purposes of 52 U.S.C. § 10503. Defendants shall provide for signs to be posted in Yiddish at all polling places in Bloomingburg notifying voters of their right pursuant to New York Election Law § 8-504 to take an oath or oaths and vote if their name appears on the challenged voter list.

7.  The parties agree that none of them shall disparage any of the others in connection with the matters at issue or resolved in connection with this litigation.

II. Monitor

8.  Within 21 days of the date of the Order, Plaintiffs and Defendants shall submit to the Court an agreed-upon person to serve as a Monitor. If the parties are unable to agree upon a person, then they shall each suggest one or more qualified individuals to the Court, and the Court may appoint such a person. The term of the Monitor shall run from five years from the date of appointment. If the Monitor is not an official from the State Board of Elections, the Monitor shall be entitled to reasonable compensation to be paid for by the County.

9.  The Monitor shall review the Challenge Questionnaire currently employed by the BOE and determine whether it complies with New York Election Law and does not impose an unnecessary burden on the constitutional right to vote. The Monitor shall make recommendations to the BOE with respect to improvements or modifications underlying the Challenge Questionnaire. In the event that the BOE does not adopt the recommendations of the

5

Monitor with respect to the Challenge Questionnaire, any party aggrieved by that decision may raise any issues concerning the Challenge Questionnaire with the Court.

### III. Procedures for Future Challenges to Bloomingburg Voters

10. In the event that Defendants receive a future challenge to the registration or qualification of any voter in Bloomingburg, and the BOE determines that the challenge raises a bona fide question as to the voter's registration or qualification, then the BOE shall seek a recommendation from the Monitor in connection with pursuing any investigation and determination of the challenge under New York Election Law § 5-220.

11. The Monitor shall have the right to review all information provided to the BOE that is relevant to the challenge in question. Within ten (10) days of receiving all information bearing upon the investigation, including the completed Challenge Questionnaire, the Monitor shall make a written recommendation to the BOE with respect to the determination of that challenge. Within five business days of receipt of that recommendation, the BOE shall make a determination with respect to the challenge. In the event the BOE upholds a challenge, the BOE shall provide a copy of the Monitor's recommendation to the subject voter. Consistent with New York Election Law § 8-504, no registered voter who takes a challenge oath shall be denied the right to vote pending this determination.

12. In the event that the BOE disagrees with the determination of the Monitor, and grants a challenge against a voter under this section, that voter shall have the right to argue to the Court that the determination was arbitrary or discriminatory, in addition to any other rights under state or federal law.

## IV. Additional Relief

13. Defendants agree to pay a collective total of $25,000.00 to the remaining Plaintiffs in consideration of their costs and expenses in prosecuting this Class Action. Within thirty (30) days of the Court approving this decree, the County shall pay that sum to Dechert LLP, c/o Steven A. Engel, Esq., as lead Plaintiff's counsel.

14. The parties acknowledge that, in accordance with 42 U.S.C. § 1988, the Court, in its discretion, may allow Plaintiffs a reasonable attorney's fee as part of the costs of the litigation. The parties have agreed that the total reasonable attorneys' fees and costs for this matter total $550,000.00. Within forty-five (45) days of the Court approving this decree, the County shall pay that sum to Dechert LLP, c/o Steven A. Engel, Esq., as lead Plaintiffs' counsel.

## V. Retention of Jurisdiction

15. The Court shall retain jurisdiction of this case for the term of the Consent Decree to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement, to resolve any disputes that may occur during the term of this Consent Decree and to ensure Defendants' compliance with the law.

## VI. Final Judgment

16. Upon approval and entry of this Decree by the Court, this Decree shall constitute a final judgment as to all claims of the Plaintiffs against all Defendants. This Decree also resolves any individual capacity claims that Plaintiffs may have against former Defendant Rodney Gaebel or his estate.

## VII. General Provisions

17. The terms of this Consent Decree apply to all federal, state, and local elections administered by the Sullivan County Board of Elections (except that the provisions of paragraphs 4-6, 10-12 concern voting in Bloomingburg but are not otherwise limited to elections for the Village of Bloomingburg positions).

18. Whenever Defendants enter into an election services contract with any other entity, political subdivision, or political party to conduct an election on behalf of that entity, Defendants shall require such other entity to agree to abide by the terms of this Consent Decree.

19. This Consent Decree fully and finally resolves Plaintiffs' claims against all Defendants as alleged in the Complaint filed by Plaintiffs in this lawsuit.

20. The undersigned representatives of the parties certify that they are fully authorized to enter into the terms and conditions of this Decree, and to execute and legally bind such parties to this document.

21. This Consent Decree is binding upon the parties, by and through their officials, agents, employees, and successors in office.

22. This Consent Decree shall remain in effect for five years from the date of this Order.

Agreed to this 29 day of January, 2016

For Plaintiffs:

DECHERT LLP
Steven A. Engel
Benjamin M. Rose
Jamie R. Hacker
Negin Hadaghian

8

(212) 698-3500
(212) 698-3599 (facsimile)
steven.engel@dechert.com

Lily A. North (admitted pro hac vice)
One Bush Street, Suite 1600
San Francisco, California 94104
(415) 262-4500
(415) 262-4555 (facsimile)

Agreed to this 29 day of January, 2016

For Defendants Sullivan County Board
of Elections and Commissioner Lori
A. Benjamin:

Cliff Gordon
541 Broadway, PO Box 803
Monticello, New York 12701
(845) 794-4043

Marvin Newberg
33 North Street
Monticello, New York 12701
(845) 794-8415
(845) 794-9701 (facsimile)
mnewberg@verizon.net

For Defendant Ann Prusinski

Robert Isseks, Esq.
6 North Street
Middletown, New York 10940
(845) 344-4322
isseks@isseksandsmith.com

9

## JUDGMENT AND ORDER

This Court, having determined that it has jurisdiction over Plaintiffs' claim, has considered the terms of the Consent Decree set forth above, and incorporates those terms herein.

ENTERED and ORDERED this 1st day of February, 2016.

_____
KATHERINE B. FORREST
United States District Judge

10